UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

LESTER CROWDER,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Case No. 4:19-cv-1797-GMB
                                   )
ANDREW SAUL,                       )
Commissioner of Social Security,   )
                                   )
    Defendant.                     )

## **MEMORANDUM OPINION**

    On July 19, 2016, Plaintiff Lester Crowder filed an application for a period of disability and disability insurance benefits ("DIB").  His alleged disability onset date is March 19, 2016.  Crowder's application for benefits was denied at the administrative level.  He then requested a hearing before an Administrative Law Judge ("ALJ").  The ALJ held a hearing on June 12, 2018 and denied Crowder's claims on October 24, 2018.  Crowder requested a review of the ALJ's decision by the Appeals Council, which declined review on September 4, 2019.  As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of September 4, 2019.

    Crowder's case is now before this court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Under 28 U.S.C. § 636(c)(1) and Federal Rule of Civil Procedure 73, the parties have consented to the full jurisdiction of a United States

Magistrate Judge. Doc. 10. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

---

[1] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

2

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Plaintiff bears the burden of proving that he is disabled, and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

    (1) Is the claimant presently unable to engage in substantial gainful activity?
    (2) Are the claimant's impairments severe?
    (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
    (4) Is the claimant unable to perform her former occupation?
    (5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

**A.    Personal History**

Crowder lives in Gadsden, Alabama with his wife. R. 12.  He earned an undergraduate degree in political science and a graduate degree in public administration. R. 12.  From 1981 to 2009, Crowder worked as a Regional Coordinator for C.I.T.Y. Program of Alabama, a juvenile alternative school. R. 14, 269 & 271.  From 2009 to 2016, he worked as a Site Manager for several health clinics under the ownership of Quality of Life Health Service, Inc. R. 13 & 269–70.

Crowder is now retired. R. 12.  His primary daily activities include taking a shower and watching TV. R. 277.  He also does laundry twice per week and reports that he drives his car and attends church regularly. R. 279 & 281.  He reports no problems with personal care. R. 278.  However, he does not do house or yard work

because he has difficulty standing for long periods because of back pain. R. 280.

Crowder testified that he can sit in a normal chair for no more than 30 minutes before he has to get up and move around for five to ten minutes. R. 19. He also testified that he can only stand in place for about ten minutes before needing to sit down for at least 30 minutes before standing again. R. 19. If he stands for more than five to 15 minutes, he experiences excruciating back pain. R. 16. Crowder normally spends more than half of his day sitting in his recliner at home. R. 19. He testified that lifting anything over ten pounds causes him severe pain. R. 19. He also testified that he cannot go more than two hours at a time without using the restroom because of the condition of his prostate and kidneys. R. 20.

Crowder's medical records from 2015 indicate normal gait and station. R. 465, 469, 557 & 572. The records document Crowder's kidney problems. R. 466. They also describe treatment for hypertension, gastroesophageal reflux disease ("GERD"), obesity, diabetes, and chronic kidney disease. R. 673, 676, 680, 682, 787, 849 & 1023. They note that Crowder has prostate cancer. R. 467. However, the records indicate that he completed radiation therapy for his prostate. R. 476–87. In 2016, his records indicate that he was continuing to recover well from his radiation therapy. R. 477.

Crowder's records from 2016 indicate largely normal findings in his review of systems without back pain and shortness of breath. R. 516, 519 & 522. His

physical exams indicate normal gait and station and no labored breathing. R. 516, 519, 522, 538 & 547. The records document his continued treatment for hypertension and diabetes. R. 685, 688, 691–701 & 1028. To treat his obesity, Dr. Vincente Torregosa, Crowder's primary care physician, recommended that he walk for 30 minutes twice daily. R. 1121.

Records from McClellan Family Chiropractic indicate that Dr. McClellan treated Crowder's back pain from 2012 to 2016. R. 638–52. Dr. McClellan advised Crowder to perform strengthening exercises for his back and told him he could do so without fear of exacerbating his condition. R. 609. Additional records indicate that Crowder continued receiving treatment from Dr. McClellan, who continued to advise Crowder to exercise daily. R. 1056–79.

Crowder's medical records from 2017 and 2018 continue to note his chronic kidney disease, diabetes, hypertension, and GERD. R. 928–29, 932, 935, 938 & 941. Records also indicate that he was treated for severe lower back pain throughout January and February 2018. R. 1031–55. The treatment appears to have been effective in that it reduced his pain significantly by the end of February. R. 1031–55. Other medical records from 2018 continue to document Crowder's diabetes, hypertension, and obesity. R. 1099, 1102, 1105 & 1109. For Crowder's obesity, Dr. Torregosa encouraged him to walk twice per day for 30 to 35 minutes, five days per week. R. 1099.

## B. The ALJ's Decision

The ALJ issued his decision on October 24, 2018. R. 49. Under step one of the five-step sequential evaluation process, the ALJ found that Crowder had not engaged in substantial gainful activity since the alleged March 19, 2016 onset date. R. 54. At step two, the ALJ found that Crowder suffered from the following severe impairments: degenerative disc disease, diabetes mellitus, ischemic heart disease, chronic kidney disease, status-post prostate cancer, and obesity. R. 54. The ALJ found that Crowder's other reported impairments were non-severe. R. 55.

At step three, the ALJ found that Crowder did not have an impairment or combination of impairments meeting or medically equaling the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 55–57. Before proceeding to step four, the ALJ determined that Crowder had the Residual Functional Capacity ("RFC") to perform less than a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following restrictions:

> [Crowder] can occasionally climb ramps and stairs, but is precluded from climbing ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He is precluded from exposure to workplace hazards such as moving mechanical parts and high, exposed places. The claimant requires an additional five percent time off-task due to the need for additional bathroom breaks.

R. 57. In reaching this opinion, the ALJ stated that he considered Crowder's symptoms, the medical evidence, and other evidence. R. 57.

At step four, the ALJ found that Crowder is capable of performing past relevant work as a director of education. R. 61. With this determination, the inquiry ended because a claimant who is capable of performing past work is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v) & (g)(1). Thus, the ALJ found Crowder not to be disabled within the meaning of the Social Security Act from March 19, 2016 through the date of the decision. R. 61. Based on these findings, the ALJ denied Crowder's application. R. 61.

## IV. DISCUSSION

Crowder raises two arguments in favor of remand: (1) the ALJ's conclusion that Crowder can perform past work is not supported by substantial evidence, and (2) the ALJ improperly applied the pain standard by giving too little weight to Crowder's testimony. The court addresses each argument in turn.

**A.     Ability to Perform Past Work**

Crowder argues that the ALJ's conclusion that he can perform past work is not supported by substantial evidence. Doc. 11 at 43. He asserts that the ALJ failed to "consider all of the duties of [his] past work and evaluate [his] ability to perform those duties in spite of the impairments and restrictions." Doc. 11 at 43. The Commissioner responds that the Vocational Expert ("VE") identified Crowder's past work based on his description of his position and duties. Doc. 12 at 19. The Commissioner argues that the ALJ relied on the VE's testimony to conclude that

Crowder still could perform his past work as it is generally performed in the national economy. Doc. 12 at 19–20.

During step four of the five-step sequential evaluation process, the ALJ must (1) assess the claimant's RFC and (2) identify the "physical and mental demands" of the claimant's past work to determine if those demands are compatible with the claimant's current abilities. *Holder v. Soc. Sec. Admin.*, 771 F. App'x 896, 897 (11th Cir. 2019) (quoting 20 C.F.R. § 416.945(a)(1)). "The regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). In *Jackson*, the ALJ found that the claimant's past work as a link belt operator required him to climb and descend stairs, an activity he could no longer do. *Id.* at 1293. However, the claimant did not show that climbing and descending stairs generally was a requirement for jobs in that line of work. *Id.* at 1294. Therefore, the court concluded that the claimant failed to show that he could not perform his past work. *Id.*

In making his findings, the "ALJ has a basic duty to develop a full and fair record." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). To develop the record concerning the demands of a claimant's past work, the ALJ may rely on the claimant's "Work History Report," the claimant's testimony, and the VE's assessment of the evidence. *See Holder*, 771 F. App'x at 899–900.

There is substantial evidence supporting the ALJ's conclusion that Crowder can perform his past work. The ALJ found that Crowder had the RFC to perform sedentary work with some limitations related to his ability to move and his need to take additional bathroom breaks. R. 57. In making this finding, the ALJ concluded that Crowder's testimony regarding the severity of his symptoms was not entirely consistent with the objective medical evidence. R. 58.

Crowder testified that his back pain prevents him from standing, walking, or sitting in a normal chair for more than a few minutes at a time and that he typically spends most of his day sitting in his recliner at home. R. 19. He also testified that he has difficulty lifting anything over ten pounds. R. 19. Crowder testified that he frequently has to use the restroom because of the condition of his prostate and kidneys. R. 20.

In contrast to his alleged symptoms, Crowder's medical records consistently indicate normal findings, including normal gait and station and no reported back pain or shortness of breath. R. 465, 469, 516, 519, 522, 538, 547, 557 & 572. However, from 2015 to 2018, his records also document his treatment for prostate cancer, hypertension, GERD, diabetes, chronic kidney disease, and obesity. R. 467, 673, 676, 680, 682, 685, 688, 691–701, 787, 849, 928–41, 1023 & 1028. To treat his obesity, Dr. Torregosa recommended that Crowder walk for 30 minutes twice daily. R. 1099 & 1121.

Records from McClellan Family Chiropractic indicate that Dr. McClellan treated Crowder for back pain from 2012 to 2016. R. 638–52. In July 2016, Dr. McClellan advised Crowder to perform strengthening exercises for his back and told him he could do so without fear of exacerbating his condition. R. 609. Additional records indicate that Crowder continued receiving treatment from Dr. McClellan, who continued to recommend daily exercise. R. 1056–79. Other records indicate that Dr. John T. Wallace treated Crowder for severe lower back pain throughout January and February 2018. R. 1031–55. The treatment appears to have been effective, reducing his pain significantly by the end of February. R. 1031–55.

The court finds that there is substantial evidence to support the ALJ's RFC assessment. The ALJ offered the VE a hypothetical identical to the RFC assessment. R. 22–23. The VE testified that this hypothetical person could perform a director of education job as described in the Dictionary of Occupational Titles ("DOT"). R. 23. The ALJ relied on this testimony to conclude that Crowder could perform past relevant work as a director of education as this job generally is performed under the DOT. R. 61. Because the ALJ relied on the VE's testimony, the court finds that there is substantial evidence supporting the ALJ's finding that Crowder can perform the position of director of education with the limitations described in the RFC assessment.

## B.  Pain Standard

Crowder argues that the ALJ improperly applied the pain standard by failing to accept his testimony relating to his symptoms and limitations. Doc. 11 at 58.  In addressing a claimant's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted); *see also* 20 C.F.R. §§ 404.1529.  If a claimant satisfies the first part of the test, the ALJ must evaluate the symptoms' intensity, persistence, and effect on the claimant's ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) & (d); 416.929(c) & (d).  While evaluating the evidence, the ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence, including an analysis of his history, medical signs and laboratory findings, and statements by medical sources or other sources about how his symptoms affect him. 20 C.F.R. §§ 404.1529(c)(4) & 416.929(c)(4).  In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he

13

question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).  The ALJ is not required to conduct an explicit symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

The ALJ found that Crowder has several severe impairments that cause some of his alleged symptoms. R. 54 & 58.  However, the ALJ concluded that Crowder's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the objective evidence in the record. R. 58.  For example, Crowder testified that he cannot stand or walk for more than a few minutes at a time and that he has difficulty lifting more than ten pounds. R. 19.  Yet his medical records indicate that Dr. Torregosa and Dr. McClellan advised Crowder to walk twice daily and perform strengthening exercises. R. 609, 1099 & 1121.  Further, Crowder's own testimony shows that he can perform daily activities such as showering, doing laundry, driving a car, and attending church. R. 277, 279 & 281.  And medical records from January and February 2018 show that Crowder's back pain was treated effectively. R. 1031–55.

The court finds that there is substantial evidence supporting the ALJ's conclusion that Crowder's subjective testimony concerning his symptoms is inconsistent with the medical evidence.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Accordingly, the decision of the Commissioner is due be affirmed. A final judgment will be entered separately.

DONE and ORDERED on March 1, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE